IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATTI MOORE                                                                               PLAINTIFF

vs.                                             Civil No. 6:21-cv-06087

COMMISSIONER, SOCIAL                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Patti Moore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insured Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on February 12, 2019.  (Tr. 10).  In this application, Plaintiff alleges being disabled due to knee surgeries, Hepatitis C, arthritis, high blood pressure, and IBS.  (Tr. 201).  Plaintiff alleges an onset date of January 1, 2017.  (Tr. 10).  This application was denied initially and again upon reconsideration.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 109-168). This hearing was held on October 19, 2020. (Tr. 30-68). At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Melissa P. Brassfield testified at this hearing. *Id.*

On November 19, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-21). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2017, her alleged onset date. (Tr. 12, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: dysfunction of major joints; spinal disorder; disease of the esophagus; depressive, bipolar and related disorder; neurocognitive disorder; trauma and stressor related disorder; and substance use disorder. (Tr. 12, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 4).

In the decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-21). Specifically, the ALJ found Plaintiff retained the RFC to perform:

> work at the sedentary exertion level as defined in 20 CFR 404.1567(a), including lifting/carrying no more than 10 pounds occasionally and less than 10 pounds frequently; sitting up to 6 hours in an 8-hour workday; and standing or walking up to 2 hours in an 8-hour workday. The claimant can engage in occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps/stairs. She is further able to perform work involving no climbing ladders, ropes, or scaffolds. The claimant can perform occasional overhead reaching and frequent handling and fingering bilaterally. She is also limited to work that does not involve concentrated

> exposure to dust, odors, fumes, and pulmonary irritants or frequent exposure to unprotected heights, moving mechanical parts, and dangerous machinery. Mentally, the claimant retains the ability to understand, remember, and carry out simple tasks; interact with coworkers and supervisors on a superficial work basis; have incidental interaction with the public; and respond appropriately to changes in routine work settings that are gradually introduced.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was not capable of performing any of her PRW. (Tr. 21, Finding 6). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) touch -up screener with approximately 24,000 jobs in the nation, (2) suture winder with approximately 10,000 jobs in the nation, and (3) document preparer with approximately 44,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from January 1, 2017, through the date of the decision. (Tr. 23, Finding 11)

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On May 4, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On May 20, 2021, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 17, 20. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following issues for reversal: the ALJ erred (1) in the treatment of the opinions of her treating physicians, and (2) in not giving proper consideration to the opinion of Dr. Linda Josef. ECF No. 17 at 3-20. Upon review, the Court finds Plaintiff's claim that the ALJ erred in the treatment of the opinions of her treating physicians is merited.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed on February 12, 2019, this new rule applies here, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.*

In his decision, the ALJ evaluated the opinions of Plaintiff's treating physicians, Dr. James Rudder and Dr. Barton Parish. Each physician completed an RFC assessment. Dr. Rudder limited Plaintiff to sitting one hour and standing or walking one hour and could never perform fine manipulation or perform any other postural activities. (Tr. 1167). Dr. Rudder also wrote that Plaintiff had been a long-term patient of his and in his opinion was "physically unable to work

now or in the near future." (Tr. 910). Dr. Parish indicated Plaintiff could sit for one hour and stand and walk for one hour; could never handle objects or reach with her right or left hand; and was restricted from climbing, balancing, stooping, crouching, kneeling, and crawling. (Tr. 1166).

The ALJ evaluated the opinions of Drs. Rudder and Parish, as follows:

> Similarly, the August 2020 assessments are not persuasive. (Ex. 15F; 16F). Dr. James Rudder noted that the claimant was only able to lift/carry up to 10 pounds occasionally and stand/walk up to 1 of 8 hours with occasional reaching, handling, and feeling but no grasping or fine motor activities. (Ex. 16F/1). Dr. Barton Parrish made similar findings, noting the claimant was able to lift/carry up to 10 pounds frequently and up to 20 pounds occasionally with occasional reaching, handling, and feeling with the right hand but no reaching with the left but no grasping or fine motor activities bilaterally. (Ex. 15F). However, these limitations are not persuasive as they are not supported by or consistent with evidence in the record, including the claimant's own testimony that she is able to use hedge clippers, fill out forms with a pen, use a grabber, and perform household chores. (Ex 5F/3, 7; 7F/4; 10F/3, 7; 14F/4, 35, 60; 17F/5, 6, 10, 26; 19F; 20F/5; 21F/2, 3; 5E; 21E; Testimony)

(Tr. 20). Indeed, apart from a brief reference to different medical records, the ALJ did not evaluate any of the required factors that the ALJ is required to consider. Accordingly, the Court cannot find the ALJ properly considered the opinions of these treating sources as required by the social security regulations.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of June 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE