IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATTI MOORE                                                                               PLAINTIFF

vs.                                    Civil No. 6:21-cv-06087

COMMISIONER, SOCIAL
SECURITY ADMINISTRATION                                            DEFENDANT

**ORDER**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 24. Defendant has responded and objected to this Motion. ECF No. 27.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this Order.

**1.**     **Background:**

On May 20, 2021, Patti Moore ("Plaintiff") appealed to the Court from the Secretary of Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On June 21, 2022, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 22-23.

On July 26, 2022, Plaintiff filed this Motion. ECF No. 24. With this Motion, Plaintiff requests an award of $7,633.03 in attorney's fees. *Id.* This amount represents 36.35 hours from 2021 and 2022 at an hourly rate of $219.69. *Id.* Defendant objected to the Plaintiff's requested hourly rate of $216.69 for work performed in 2021 and objects to 1.50 hours of attorney time as

1

excessive. ECF No. 27. Further, Defendant objects to an award of attorney fees because Defendant's position was substantially justified. *Id.*

2.  **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."..."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 22-23. Defendant does not contest Plaintiff's claim that she is the prevailing party but does object to an award of attorney fees because Defendant's position was substantially justified. ECF No. 27. A position can be "substantially justified" even if it is not ultimately correct. To be "substantially justified" a decision must be one a reasonable person could think it correct. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). In the Eighth Circuit, the standard is whether the Commissioner's position is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The burden is on the Defendant to show its position was substantially justified. *See id.*

> As set forth in this Court's opinion of June 21, 2022:
>
> > Indeed, apart from a brief reference to different medical records, the ALJ did not evaluate any of the required factors that the ALJ is required to consider. Accordingly, the Court cannot find the ALJ properly considered the opinions of these treating sources as required by the social security regulations.

ECF No. 22, p. 6. The Court has again reviewed the record and finds the Defendant's position was not substantially justified as the ALJ clearly erred in his consideration of the opinions of Plaintiff's treating physicians. It is not reasonable for the ALJ to have failed to fully consider the opinion of the Plaintiff's treating physicians. The Defendant has not met its burden of showing its decision in denying benefits was "substantially justified."

Plaintiff requests a total award of $7,633.03. ECF No. 24. This amount represents 36.35 hours from 2021 and 2022 at an hourly rate of $219.69. *Id.* This attorney hourly rate is authorized by the EAJA as long as the CPI-South Index justifies such this enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. Defendant has objected to the hourly rate of $219.69 for work performed in 2021. In the present action, the Court finds the CPI-South Index authorizes $206.00 for work performed in 2021 and $219.69 for work performed in 2022. Thus, the Court awards these hourly rates.

As for Plaintiff's requested hours, Defendant objected to the Plaintiff's request for 1.50 hours of attorney time as excessive. ECF No. 27. The Court agrees Plaintiff's request for 1.0 hour on November 2, 2021, for preparation of unopposed motion for extension as excessive and reduces this request to 0.50 hours. The Court does not believe Plaintiff's requested time for work performed on February 9, 2022, and June 21, 2022, are excessive. Therefore, the Court awards Plaintiff 26.18 in attorney time for work performed in 2021 and 9.67 for work performed in 2022.

4

As a final point, *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$7,517.48** pursuant to the EAJA, 28 U.S.C. § 2412. This includes 26.18 hours at an attorney hourly rate of $206.00 for work performed in 2021 and 9.67 hours at an attorney hourly rate of $219.69 for work performed in 2022.

**ENTERED this 23rd day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE